UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LANCE TRAVIS,

        Petitioner,                      Case No. 1:03-CV-623

v.                                             HON. GORDON J. QUIST

KURT JONES,

        Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it the Petitioner's objections to the Magistrate Judge's Report and Recommendation issued on May 30, 2006, in which he recommended that the Court deny the Petitioner's habeas claim that he was deprived of his Sixth Amendment right to confrontation. In particular, the magistrate judge concluded that, although the exclusion of two defense witnesses' testimony at trial violated the Petitioner's constitutional right to present a defense, the Michigan Court of Appeals did not unreasonably apply established Supreme Court precedent in determining that the error was harmless.

After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

The Petitioner raises three objections to the report and recommendation. First, the Petitioner argues that the magistrate judge erred by deferring to implicit state court findings of fact. The Petitioner claims that the magistrate judge deferred to the state appellate court's finding that the "jury convicted the defendant of second degree murder; thereby implicitly rejecting the prosecution's theory of premeditation." (August 16, 2002 Mich. Ct. App. Opinion, docket no. 54.) The state

appellate court went on to find that because the jury implicitly rejected the prosecution's premeditation theory, which the improperly excluded testimony would have rebutted, the trial court's error in refusing to permit the testimony was harmless. The Petitioner contends that the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 ("AEDPA"), does not require a federal court to be bound by a state court's implicit findings, and asserts that the magistrate judge incorrectly believed that he was bound by this implicit finding of fact.

The Petitioner incorrectly states that the Court is not bound by the state court's implicit findings of fact. *See Prevatte v. French*, No. 1:02-CV-1709-RWS, --- F.Supp.2d ---, 2006 WL 3411521, at *23 (N.D. Ga. Nov. 27, 2006) ("[T]he presumption of correctness under [U.S.C.] § 2254(e)(1) applicable to the state court's express factual findings applies with equal force to factual findings which are implicit in the state court's decision."); *Diggs v. Piller*, No. C-99-20659 RMW, 2006 WL 2642526, at *9 (N.D. Cal. Sep. 14, 2006)("an implied finding of fact by the jury is due the deference all state court factual findings must be accorded by a federal court on habeas review"); *Mackey v. Dutton*, 217 F.3d 399, 411-12 (6th Cir. 2000) (applying pre-AEDPA standard that the presumption of correctness accorded to state court findings "applies to implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility") (quoting *Combs v. Coyle*, 205 F.3d 269, 277 (6th Cir. 2000)). The magistrate judge, therefore, did not err in deferring to the state court's determination that the jury implicitly rejected the first degree murder charge when it convicted the Petitioner of second degree murder

Second, the Petitioner argues that the magistrate judge erred by finding that the harmless error standard of *People v. Mateo*, 453 Mich. 203, 551 N.W.2d 891 (Mich. 1996), sufficiently protected the Petitioner's Sixth Amendment rights. The Petitioner argues that *Mateo*'s comparative

2

analysis is contrary to or unreasonably applies clearly established Federal law as determined by the Supreme Court. The Petitioner requests that the magistrate judge consider "the harmlessness of the constitutional violation without deference to the standards employed by the state appellate court." (Obj. at 8.)

The *Mateo* standard is consistent with Federal law as determined by the United States Supreme Court. *Mateo* requires the reviewing state court to "examine the record as a whole and the actual prejudicial effect of the error on the factfinder." *Mateo*, 453 Mich. at 206, 551 N.W.2d at 892. This standard is consistent with *Kotteakos v. United States*, 328 U.S. 750, 66 S. Ct. 1239 (1946), and *Brecht v. Abrahamson*, 507 U.S. 619, 113 S. Ct. 1710 (1993). Like *Mateo*, *Brecht* requires a habeas petitioner to establish that the trial error "resulted in 'actual prejudice.'" *Brecht*, 507 U.S. at 637, 113 S. Ct. at 1722. As discussed by the magistrate judge, because the *Mateo* standard is consistent with *Kotteakos* and *Brecht*, the state court's determination that the error was harmless is entitled to deference by this Court under the AEDPA unless it unreasonably applies the facts under the *Brecht* standard. The Petitioner has made no such showing in this matter.

Finally, the Petitioner argues that the magistrate judge erred by failing to determine if the state appellate court finding of harmless error comported with 28 U.S.C. § 2254(d)(2). In his petition, the Petitioner did not raise a claim under § 2254(d)(2), but only raised a 28 U.S.C. § 2254(d)(1) claim that the state court's decision violated clearly established Supreme Court precedent. The Petitioner now contends that the magistrate judge erred by not analyzing whether the state court's decision was an unreasonable determination of the facts.

28 U.S.C. § 2254(d)(2) requires a finding that the state court decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court

3

proceeding." A court reviewing a habeas petitioner's insufficiency of the evidence claim must ask whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Whittie v. Jackson*, No. 02-CV-71223-DT, 2003 WL 1119718, *5 (E.D. Mich. Feb. 18, 2003). A reviewing court does not weigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court. *Marshall v. Lonberger*, 459 U.S. 422, 434, 103 S. Ct. 843, 851 (1983). The mere existence of sufficient evidence to convict defeats a petitioner's claim. *Matthews v. Abramajtys*, 319 F.3d 780, 788-89 (6th Cir. 2003).

Petitioner argues that the state court did not take into consideration the fact that the "case was a close one, the jury sought reinstruction on the defense of self-defense, deliberations were lengthy, and a prior jury trial was unable to return a verdict." (Obj. at 9.) The Petitioner is now asking for remand to the magistrate judge for consideration of "facts" that, he admits, were not part of the evidence presented in the State court proceeding. The Petitioner has made no attempt to show that the evidence presented was not sufficient, but argues that the magistrate judge should consider these other facts.

The elements of second-degree murder are (1) a death, (2) caused by an act of the defendant, (3) with malice, and (4) without justification or excuse. M.C.L. § 750.317. The Petitioner argued self-defense, thereby challenging elements three and four. However, the evidence showed that the Petitioner, the victim, and the victim's sister were involved in an argument on April 21, 1999, at the end of which the victim broke the antenna off of the Petitioner's van. (Tr. IV, 101-08, 134-37, 151.) According to the evidence at trial, the Petitioner made two phone calls after this incident to a

different sister of the victim, during one of which he made the threat that he was going to kill the victim. (Tr. V, 22-24, 35.) The evidence also indicated that, just prior to the murder on April 23, 1999, the Petitioner flagged down the victim, who was driving by, and concealed a long object in his pants as he waited for the victim to approach. (Tr. IV, 119-21, 199-202.) Following the murder, police found a box cutter in the Petitioner's pants and a knife and a golf club shaft in yards along the path which the Petitioner ran following the murder. (Tr. IV, 35-41, 61-67; VI, 45-46, 56-61, 142-43, 147, 174, 195; Tr. VIII, 5, 65-66.) The victim's blood was found on the knife and on the Petitioner's clothes. (Tr. VI, 96-100, 105, 106.) This evidence is sufficient for any rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt.

Although the magistrate judge did not specifically address the sufficiency of the evidence presented at trial, he did note that a jury could have found the Petitioner guilty even if the admitted testimony was included. In particular, the magistrate judge noted that even if the jury had heard and believed the excluded testimony of the two witnesses, none of it was inconsistent with the admitted testimony indicating premeditation, such that the jury could have believed all of the witnesses and still found that the Petitioner had made a threat to kill the victim. Therefore, any rational trier of fact could have found the elements even when considering the excluded testimony. For these reasons, the Petitioner's objection under 28 U.S.C. § 2254(d)(2) must be denied.

Alternatively, this is the first instance in which the Petitioner has argued that the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented.

Considering that his petition for habeas corpus was filed in 2003, this new claim is barred by the statute of limitations and must be denied for this additional reason.[1]

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued on May 30, 2006 (docket no. 59), is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that the Petitioner's petition for writ of habeas corpus is **DENIED**.

The case is **concluded**.

Dated: January 8, 2007                    /s/ Gordon J. Quist
                                          GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE

---

[1] The Petitioner's petition claims only that "The Michigan Courts' Adjudication of This Claim Violated Clearly Established Supreme Court Precedent."